IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC 19-532 |
| | * | |
| TYREK MONTEZ ARRINGTON, | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States, by its undersigned counsel, files this Sentencing Memorandum in support of a sentence of 41 months imprisonment for Counts 1 and 3 of the Superseding Indictment, and a consecutive sentence of 10 years for Count 2 of the Superseding Indictment.

I. **PROCEDURAL BACKGROUND**

On November 13, 2019, an Indictment was returned against the defendant charging him with Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a), Use, Carry, Brandish and Discharge of a Firearm in violation of 18 U.S.C. § 924(c)(1)(A), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF 1).  These crimes were related to the armed robbery of the CVS pharmacy in Clinton, Maryland, that occurred on October 15, 2019.  A Superseding Indictment was returned against the defendant on March 10, 2021, charging the same offenses as previously charged. (ECF 40).  The matter proceeded to trial and on April 7, 2021, a jury found the defendant guilty of Counts 1, 2, and 3 of the Superseding Indictment. In addition, the jury found that the defendant brandished and discharged a firearm during the commission of Count 2 (ECF 69), making the mandatory minimum sentence for Count 2 as 10 years, consecutive to the sentence for Counts 1 and 3, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii).  Sentencing is scheduled for July 13, 2021 at 2:00 p.m.

1

## II. ADVISORY GUIDELINES RANGE

The Presentence Investigation Report ("PSR"), filed as ECF 76, correctly calculated the offense level for Counts 1 and 3 as 20, and the defendant's criminal history category as III. The advisory guidelines range for Counts 1 and 3 under the United States Sentencing Guidelines was found to be 41-51 months imprisonment. (See PSR paragraph 58). The sentence imposed for Count 2, which is a mandatory minimum sentence of 10 years, shall be imposed consecutive to the sentence for Counts 1 and 3.

## III. ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, after considering various factors relevant to the crimes of conviction and the defendant. Government counsel has considered these factors in making its sentencing recommendation, which factors include those set forth below.

**Nature and Circumstance of the Offense**

The Court observed the evidence introduced during the trial, which is summarized in paragraph 5 of the PSR. The defendant, armed with a loaded firearm, robbed a CVS pharmacy during daylight business hours while customers and employees were innocently going about their daily activities. The defendant jumped over the pharmacy counter, pointed a firearm at the pharmacist and demanded narcotic drugs. When the pharmacist was not able to comply, the defendant discharged his firearm and eventually took the cash register drawer/till. The defendant was apprehended inside the CVS by two Prince George's County police officers. The nature of the offense and the circumstances in which it was committed were the most serious.

**History and Characteristics of the Defendant**

The PSR contains information about the defendant's criminal history, including convictions, charges that did not result in convictions, and pending charges. The criminal history information disturbingly includes a prior conviction for Conspiracy to Commit Robbery in the Circuit Court for Montgomery County, Maryland, for conduct very similar to the subject crimes of conviction. There are also prior charges for obtaining controlled substances by fraud and pending charges for obtaining prescription medication through forged prescriptions, and possessing such substances with the intent to distribute. (See PSR, pages 8-11).

According to the PSR, the defendant graduated from high school. He has a loving and supporting family, who believe the defendant's legal issues are rooted in controlled substance abuse. The defendant likewise reported excessive use of various controlled substances prior to his arrest. As far as employment, from the PSR, is appears that the defendant's last employment prior to his arrest was is 2018 with a solid waste collection business.

**The Need for the Sentence**

The defendant is facing a mandatory consecutive 10-year sentence for Count 2, plus the sentence to be imposed for Counts 1 and 3. A troubling issue for the Government is that the subject offenses were not the first time the defendant was involved in violent crime related to a pharmacy, when a firearm was used. The PSR, in pages 6 through 8, describes a multiple violent crime spree where pharmacies were targeted in several counties in Maryland. That recidivist conduct, and the defendant's repeated preying upon pharmacies, even after previously being prosecuted and incarcerated, demonstrate an obvious need for corrective treatment, community protection, and a sentence substantially above a sentence of 10 years. The Government believes that a sentence of 41 months, which is the bottom of the advisory guidelines range for Counts 1

and 3, plus a consecutive sentence of 10 years for Count 2, is sufficient, but not greater than necessary, and addresses the sentencing needs as listed in 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth herein and to be presented at the sentencing hearing, the Government requests that the Court impose a sentence of 41 months imprisonment for Counts 1 and 3 of the Superseding Indictment and a consecutive sentence of 10 years for Count 2 of the Superseding Indictment.

The Government reserves the right to introduce victim-impact testimony at the sentencing hearing. Any victim witnesses who will testify at sentencing testified during trial, and the victim-impact testimony, if any, will be limited to the impact of the crime upon the victim, and the sentence to be imposed.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney
District of Maryland

By: _____
William D. Moomau
Dwight J. Draughon
Assistant United States Attorneys
United States Attorney's Office
District of Maryland

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June 2021, the foregoing Response was filed electronically and thus served upon defense counsel.

_____
William D. Moomau
Assistant United States Attorney