## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CIVIL NO. TDC-24-794** |
| **v.** | * | |
| | * | **CRIMINAL NO. TDC-19-532** |
| **TYREK MONTEZ ARRINGTON** | * | |
| | * | |
| | * | |
| | ******* | |

### GOVERNMENT'S MOTION FOR AN ORDER DIRECTING PETITIONER'S FORMER COUNSEL TO PROVIDE INFORMATION TO THE GOVERNMENT CONCERNING PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

COMES NOW the United States of America, by and through its undersigned attorneys, and hereby moves this Court for an Order directing former trial counsel of Petitioner Tyrek Montez Arrington ("Petitioner") to provide necessary, specific information directly related to Petitioner's ineffective assistance of counsel claim, and in support whereof states as follows:

1.     On August 21, 2024, this Court ordered the Government to "submit evidence, in the form of affidavits from trial counsel or otherwise, on the issue of whether the Government disputes" Tyrek Montez Arrington's (hereinafter "Petitioner") "factual assertion that he objected to or did not consent to the concession of guilt."  ECF No. 126.

2.     The Government contacted Petitioner's former trial counsel, John McKenna, Esq., and Michael Lawlor, Esq., regarding the Court's order (ECF No. 126). During a telephone conversation among undersigned counsel and Counselor McKenna, Counselor McKenna permitted the Government to make representations to the Court, in lieu of submitting an affidavit, regarding the facts of the representation that is now at issue.  The Government relayed Mr. McKenna's representations to the Court in the Government's response. ECF No. 129.

3.     On September 30, 2024, this Court issued an order stating that "[t]he Clerk shall schedule an evidentiary hearing on Arrington's claim relating to concession of guilt." ECF No. 131.

4.     The Government now seeks to have this Court enter an order directing Petitioner's former trial counsel to respond and make their files on this issue available for inspection and review.

5.     Federal courts have long recognized that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *accord United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009) (citing cases). In such cases where a trial attorney has information relevant to an ineffective assistance claim, this court, other courts in this Circuit, and others outside of the Fourth Circuit have not hesitated to order the attorney to file an affidavit in response. *See Butler v. United States*, 2016 WL 1427090 (D. Md. Apr. 12, 2016) ("The court will order Petitioner's trial counsel, Mr. Welch, to provide to the United States within 30 days from the date of this order an affidavit responding to Petitioner's claims of ineffective assistance."); *see also Hill v. United States*, 2018 WL 762476 (S.D. W. Va. Feb. 7, 2018) (same); *Hudson v. United States*, 2011 WL 3667602, at *4 (S.D. W.Va. Aug. 22, 2011) (same); *Douglas v. United States*, 2011 WL 335861 at *2-3 (S.D.N.Y. Jan. 28, 2011) (same).

6.     Here, Petitioner alleges he did not agree with his trial counsel's decision to concede his guilt. In doing so, he waived privilege as to his communications with counsel on that issue. The Government therefore requests that the Court order any counsel who advised Petitioner at the trial level to draft and file affidavits addressing this issue and attaching to the affidavit any pertinent memoranda to file that may support their assertions. A proposed order is attached.

8.     As ABA's Formal Opinion 10-456 expressly holds, "if the lawyer's evidence is necessary to disposition by the court, the lawyer can provide evidence 'subject to judicial determinations of

relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the [petitioner's] claim.'" *Butler*, 2016 WL 1427090 at *2-3. Indeed, it would lead to anomalous results if a habeas petitioner can make an accusation about trial counsel and seek a new trial, while at the same time preventing any further scrutiny or counter-evidence on the matter through a competing affidavit which rebuts that accusation.  Fundamental fairness dictates that the Government must have an opportunity to probe this issue, under the Court's supervision, which is what the attached order permits, and which is consistent with precedent from this District and several others.

WHEREFORE, based on the foregoing, undersigned counsel respectfully request that the Court enter the proposed order directing Petitioner's former trial counsel to respond and make their files on this issue available for inspection and review.

<div style="margin-left:40%;">

Respectfully submitted,

Erek L. Barron
Acting United States Attorney

By:          /s/
Brittany Appleby-Rumon
Special Assistant United States Attorney

William Moomau
Assistant United States Attorney

</div>

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 3, 2024, a copy of the foregoing response was mailed to:

Tyrek Montez Arrington, # 65149-037
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501

By: _____/s/_____
        Brittany Appleby-Rumon
        Special Assistant United States Attorney

_____/s/_____
        William D. Moomau
        Assistant United States Attorney