IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-532 |
| | * | |
| TYREK MONTEZ ARRINGTON, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorneys, hereby submits this motion for an order excluding time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), and in support thereof submits the following:

1. On March 10, 2021, a grand jury in the District of Maryland returned a superseding indictment which charged Tyrek Montez Arrington ("the Defendant") with Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"); Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (ECF No. 40).

2. Following a three-day trial, the jury found the Defendant guilty of all counts. (ECF No. 69). On July 30, 2021, the Court sentenced the Defendant to a total term of 132 months' imprisonment. (ECF No. 87). On August 3, 2021, the Defendant appealed to the Fourth Circuit of Appeals which affirmed the district court's judgment. (ECF No. 90, 115).

3. On March 15, 2024, the Defendant filed a Motion to Vacate, Set Aside, or Correct the Sentence 28 U.S.C. § 2255 ("the § 2255 Motion"). (ECF. No. 117).

4. On September 30, 2024, the Court issued a Memorandum Opinion in which it denied the § 2255 Motion as to all claims except for the Defendant's argument based on his trial counsel's concession of guilt without his consent, for which the Court deemed an evidentiary hearing necessary. (ECF No. 130).

5. On December 17, 2024, the Court held an evidentiary hearing on the Defendant's § 2255 Motion. (ECF No. 143).

6. On March 12, 2025, the Court issued a Memorandum Opinion in which it granted the § 2255 Motion as to the Defendant's claim relating to concession of guilt, vacated the Defendant's convictions and sentences on Counts 1 and 2, and directed a new trial on those counts be set. (ECF No. 150).

7. On July 10, 2025, the parties reached a plea agreement and provided the Court, via email, a copy of the agreement that the Defendant intends to sign.

8. The Court set a re-arraignment and plea hearing for August 6, 2025. ECF No. 161.

9. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs. However, pursuant to 18 U.S.C. § 3161(h)(7), the Court may grant a continuance of speedy trial when the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

10. The Government submits that the ends of justice would be served by a tolling of the Speedy Trial clock between July 11, 2025, through and including, August 6, 2025. As noted above, the parties have reached a plea agreement, and the Court has scheduled the Defendant's re-arraignment and plea hearing for August 6, 2025. The requested extension would allow the parties

reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would serve the public interest in prompt disposition of criminal cases. *See* 18 U.S.C. § 3161(h)(7).

11. Counsel for the Defendant consents to this motion.

12. For the foregoing reasons, the ends of justice will be served by excluding the time from **July 11, 2025 through and including, August 6, 2025**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h)**,** and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

WHEREFORE, counsel for the Government moves that the Court issue an order excluding the time from **July 11, 2025 through and including, August 6, 2025**, in computing the time within which trial must commence, pursuant to the Speedy Trial Act.

A proposed order is attached.

                              Respectfully submitted,

                              Kelly O. Hayes
                              Acting United States Attorney

By:  _____/s/_____
                              Brittany Appleby-Rumon
                              Special Assistant United States Attorney